FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 25 2008

CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

WINSTON MOORE,

                Petitioner,

   v.

SUE HUBBARD,

                Respondent.

No. CV 07-7552-ODW (AGR)

ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND
RECOMMENDATION

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: _____4-23-08_____     _____

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   WINSTON MOORE,                    )   NO. CV 07-7552-ODW (AGR)
12             Petitioner,             )
13        v.                           )
14   SUE HUBBARD,                      )   REPORT AND RECOMMENDATION
                                       )   OF UNITED STATES MAGISTRATE
15             Respondent.             )   JUDGE
16                                     )
17   _____ )

18        The Court submits this Report and Recommendation to the Honorable Otis

19   D. Wright II, United States District Judge, pursuant to 28 U.S.C. § 636 and

20   General Order No. 05-07 of the United States District Court for the Central District

21   of California.  For the reasons set forth below, the Magistrate Judge recommends

22   that Respondent's motion to dismiss be granted and that the Petition for Writ of

23   Habeas Corpus be denied.

24   ///

25   ///

26   ///

27   ///

28   ///

1

2

## I.

## SUMMARY OF PROCEEDINGS

On March 23, 2004, Petitioner entered a guilty plea and was sentenced by a Los Angeles County trial court to 25 years in prison. (Petition at 2.)  Petitioner did not appeal. (*Id.*)

On April, 3, 2007, the Superior Court received Petitioner's petition for writ of habeas corpus dated March 25, 2007, which was denied on April 13, 2007. (Petition, Ex. A at A3-A4.)  On May 4, 2007, the California Court of Appeal denied Petitioner's state habeas petition, stating:

> Petitioner contends his sentence for robbery in March 2004 violates
> *Cunningham v. California* (2007) 127 S.Ct. 856 (*Cunningham*).   This
> contention is without merit.  Petitioner's conviction and sentence
> were the result of a negotiated plea agreement by which petitioner
> expressly agreed to the imposed sentence and knowingly waived his
> right to a jury trial. *Cunningham*  is simply not applicable.

(*Id.* at A2.)  On October 24, 2007, the California Supreme Court denied Petitioner's state habeas petition without explanation. (*Id.* at A1.)

On November 16, 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court in which his single ground was that his sentence violated *Cunningham*. (Petition at 5.)  On November 26, 2007, the Court issued an order to show cause ("OSC") why the petition should not be dismissed because the one-year statute of limitations has expired.  On December 13, 2007, Petitioner filed a response to the OSC ("Response").

## II.

## DISCUSSION

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 provides a one-year statute of limitations for filing a habeas petition in federal court.  28 U.S.C. §

2

1  2244(d).  The limitations period begins on the latest of the following four dates:

2      (A)  the date on which the judgment became final by the conclusion

3      of direct review or the expiration of the time for seeking such review;

4      (B)  the date on which the impediment to filing an application created

5      by State action in violation of the Constitution or laws of the United

6      States is removed, if the applicant was prevented from filing by such

7      State action;

8      (C)  the date on which the constitutional right asserted was initially

9      recognized by the Supreme Court, if the right has been newly

10      recognized by the Supreme Court and made retroactively applicable

11      to cases on collateral review; or

12      (D)  the date on which the factual predicate of the claim or claims

13      presented could have been discovered through the exercise of due

14      diligence.

15  28 U.S.C. § 2244(d)(1).

16      According to Petitioner, the relevant provision is 28 U.S.C. § 2244(d)(1)(C).

17  (Response at 2.)  Thus, Petitioner contends that the statute began to run on the

18  date the United States Supreme Court decided *Cunningham*, January 22, 2007.

19      In *Dodd v. United States*, 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343

20  (2005), the Supreme Court addressed a provision in 28 U.S.C. § 2255[1] that is

21  materially identical to 28 U.S.C. § 2244(d)(1)(C):

22      The limitation period shall run from the latest of-

23      * * *

24      (3) the date on which the right asserted was initially recognized by

25      the Supreme Court, if that right has been newly recognized by the

26

27  _____

28      [1]  Under Section 2255, a federal prisoner may challenge his or her
sentence as unconstitutional.

1   Supreme Court and made retroactively applicable to cases on
2   collateral review.

3       The court held that the statute starts running on the date the court
4   recognizes the right, not on the date the court makes it retroactively applicable.
5   *Id.* at 358.[2]   However, a petitioner "may take advantage of the date in the first
6   clause of ¶ 6(3) only if the conditions in the second clause are met." *Dodd*, 545
7   U.S. at 359.

8       Applying *Dodd* to the instant petition, the Supreme Court decided
9   *Cunningham* on January 22, 2007.  For a petition based on *Cunningham* to be
10  timely under 28 U.S.C. § 2244(d)(1)(C), it would (1) have to be filed no later than
11  January 22, 2008; (2) the Supreme Court would have to recognize *Cunningham*
12  as a new rule no later than January 22, 2008; and (3) the Supreme Court would
13  have to declare *Cunningham* retroactive no later than January 22, 2008.  The
14  Supreme Court has not recognized *Cunningham* as a new rule, nor has it
15  declared *Cunningham* retroactive.[3]  Therefore, the petition is time-barred.  *See*
16  *Dodd*, 545 U.S. at 358 ("¶ 6(3)'s date – 'the date on which the right asserted was
17  initially recognized by the Supreme Court' – does not apply at all if the conditions
18  in the second clause – the right 'has been newly recognized by the Supreme
19  Court and made retroactively applicable to cases on collateral review' – have not

20
21
22

23  _____

24      [2] "*Dodd* is equally applicable to section 2244(d)(1)(C)." *Johnson v. Robert*,
    431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

25      [3] To date, no circuit court has addressed the issue of *Cunningham*'s
    retroactivity.  *See Dodd*, 545 U.S. at 365 n.4 (Stevens, J., dissenting).  Those
26  district courts that have addressed the issue have concluded *Cunningham* should
    not be applied retroactively.  *See, e.g., Perry v. Carey*, 2007 WL 3095608, *10
27  n.11 (E.D. Cal. 2007); *Buckley v. Nakayema*, 2007 WL 926520, *6 (E.D. Cal.
    2007); *Dropalski v. Stewart*, 2007 WL 963989, *1 (W.D. Wash. 2007); *Luna v.*
28  *Vasquez*, 2007 WL 2994669, *8 (E.D. Cal. 2007) (no retroactivity and list of
    district cases in accord).

been satisfied"); *see also United States v. Garcia-Rebollar*, 2005 WL 2980593, *2 (D. Ariz. 2005).[4]

### III.

### RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) directing that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: January 30, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge

_____

[4] Alternatively, Petitioner's petition is time-barred under 28 U.S.C. § 2244(d)(1)(A) because it was filed more than one year after Petitioner's conviction became final on May 22, 2004, as discussed in the OSC and unchallenged in the Response.

5

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.